ELI H. KENNEDY, Plaintiff in Error, *v.* DAVID W. PENNICK, Defendant in Error.

ERROR TO COUNTY COURT OF CARROLL COUNTY.

A justice of the peace has not jurisdiction, to render judgment for a breach of covenant, nor has the County Court on appeal, any larger jurisdiction than had the justice of the peace.

PENNICK sued Kennedy before a justice of the peace on an account for $96.50, for medicines, services, etc. Pennick filed an account for $98, as a set-off. Kennedy recovered a judgment for eight dollars and costs, from which Pennick appealed to the County Court.

In the County Court, Pennick filed an account against Kennedy for $204.50, which the County Court permitted him to sustain by proof. This account was made up of damages done to growing crops, on a farm leased by Kennedy to Pennick; in which lease Kennedy covenanted to build and keep certain fences, which he had neglected to do,—and for a breach of this covenant, the damages ensued, etc.

LELAND & LELAND, for Plaintiff in Error.

B. C. COOK, for Defendant in Error.

CATON, C. J. As developed on the trial, this was an action for a breach of covenant, brought before a justice of the peace, which was appealed to the County Court, where it was tried,

and the defendant obtained a judgment for ninety-nine dollars and eighty cents. This was all wrong. The justice had no jurisdiction to render a judgment for either party for a breach of covenant. After allowing the plaintiff to prove damages for a breach of the covenant by the defendant, it was well to allow the defendant to prove damages which had resulted to him by the breach of the covenant, by the plaintiff to an equal amount, and thus defeat the plaintiff's action. Thus one error would have cured or at least concealed the other. But the court allowed the defendant to go further, and to recover a judgment against the plaintiff. This he could not do unless the court would have had jurisdiction to render the judgment for a breach of covenant, had he been the plaintiff. When proving damages resulting from a breach of the covenant by the plaintiff, he occupied the position of a plaintiff in a cross-action. The County Court had no greater jurisdiction than the justice had, from whom the appeal was taken.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*